UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AZEB ALEMAYEHU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE POLICE DEPARTMENT,<br><br>　　　　　Defendant. | CASE NO. 2:24-cv-01378-JNW<br><br>ORDER |

**1.  INTRODUCTION**

Pro se Plaintiff Azeb Alemayehu pursues this action against Defendant Seattle Police Department (SPD) in forma pauperis (IFP). Dkt. No. 5. After reviewing the operative complaint, Dkt. No. 6, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Alemayehu fails to state a claim on which relief may be granted. Rather than dismissing her case outright, however, the Court grants Alemayehu leave to amend her complaint within 30 days of this Order to address the problems identified below to save her case from dismissal.

ORDER - 1

## 2.  BACKGROUND

On August 30, 2024, pro se Plaintiff Azeb Alemayehu filed a Motion for Leave to Proceed in Forma Pauperis (IFP) and a Proposed Complaint. Dkt. No. 1. While the legal claims in the Proposed Complaint were unclear, the Proposed Complaint did provide a rough picture of the factual allegations underlying those claims. In the section entitled Statement of Claim, Alemayehu wrote: "Civil Right Violation, SPD Entered into my Apt, my daughter opened the door." Dkt. No. 1-1 at 5. Then, in a ten-page handwritten attachment, Alemayehu explained in greater detail:

> …I was at the restroom, completely naked and was ready to take a Shower… there wasn't any towels at the restroom… when SPD, Seattle Police Department Entered in my house Unlawfully, violates my Civil Right and Put my Daughter, and me in the most… traumatic Position that left a Scar… The day that SPD Showed up early Morning… I was at the restroom completely Naked. SPD got in my Apartment, Stand by the Hallways B/n my bed room and the restroom. I asked, requested if they perhaps step out of the door so I can put some clothes on, before I speak to them, or per haps if they can give me some clothes so (illegible)… be able to wear (illegible)… Before I talk to them and answer their Questions to why they are In my Apt to begin with, but they refused to do so, even though I screamed so many times . . . . Please step out side from the hallways they were standing and wait for me, My daughter saw me completely naked in front of Polices, I was Forced to leave the restroom and Stand up in Front of Public SPD Cameras Viewing me From every Police Stations in Washington States. She was broken, Ashamed, Sad, traumatized For long time…

*Id.* at 7-16.

On September 3, 2024, Alemayehu filed a Proposed Amended Complaint. Dkt. No. 4. The Proposed Amended Complaint offers far less factual detail than the original Proposed Complaint. It offers no "Statement of Claim" and provides almost no factual allegations. In lieu of the ten-page attachment from the initial Proposed Complaint (quoted above), it contains only one handwritten page, reading: "I was at

ORDER - 2

the rest room, I didn't know SPD was standing by the door on the hall way waiting for me, there was (illegible)… any towels at the restroom, I asked, Pleaded, begged them if they actually can hand me to." Dkt. No. 4-1 at 10. It also contains several attachments, such as a Federal Bar Association brochure, none of which appear relevant. *See generally* Dkt. No. 4-1.

On September 5, 2024, the Honorable Judge S. Kate Vaughn granted Alemayehu's Application for Leave to Proceed In Forma Pauperis. Dkt. No. 5. As a result, the Amended Complaint was filed on September 5, 2024, formally initiating this action. Dkt. No. 6.

On September 12, 2024, Alemayehu once again submitted another Proposed Amended Complaint. Dkt. No. 7. This one contains more detail than the preceding one. Seeking between $500,000,000 and $1,000,000,000 in monetary damages, it alleges that "SPD squizes the handcuffs on my wrists until my blood flooded on the ground and dripped all over the ground." *Id.* at 4, 10. It further alleges:

> "Seattle Police department destpached polices in my resident at [address] made my 12 years old daughter open the front door, I was in the restroom completely naked, there wasn't any towels, I told them that screaming out loud and asks them to step out or if they can hand me some kind of cloths but they forced me to leave the restroom completely naked on camera from all over the police stations."

*Id.*

However, because this new amended complaint contained the name of a minor child, the Court placed it under seal as required by Federal Rule of Civil Procedure 5.2(a) and Local Rule of Civil Procedure 5.2 and instructed Alemayehu to

ORDER - 3

file a redacted version without that information. *See* Dkt. To date, Alemayehu has not filed a redacted version of the proposed amended complaint.

### 3.  DISCUSSION

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. Here, the operative complaint is the amended complaint submitted on September 5, 2024—not the original proposed complaint submitted on August 30, 2024, nor the later proposed amended complaint submitted on September 12, 2024. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect). Because this Court's § 1915(e)(2)(B) review is limited to the operative complaint, the Court cannot consider the factual allegations from the initial proposed complaint or later amended complaint.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*,

ORDER - 4

791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed. Likewise, the Federal Rules require a complaint to offer: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8.

Here, the "Statement of Claim" in the operative complaint is blank. The only factual allegations, offered in a handwritten attachment, are: "I was at the rest room, I didn't know SPD was standing by the door on the hall way waiting for me, there was (illegible)… any towels at the restroom, I asked, Pleaded, begged them if they actually can hand me to." Dkt. No. 6-1 at 10. Beyond these cryptic facts, the broader factual context is unclear: it is not apparent, for example, if the "rest room" is in Plaintiff's home or elsewhere. Likewise, it is not clear if SPD officers entered Alemayehu's home without consent or a valid warrant, which could plausibly raise Fourth Amendment concerns. While the Court could hypothetically piece together a more robust narrative of Alemayehu's factual allegations from the inoperative pleadings that Alemayehu has submitted, the Court is not authorized to do so. Only the operative complaint is available for the Court's analysis; and the allegations in the operative complaint, taken alone, are not sufficient to state a claim on which relief may be granted.

ORDER - 5

Further, even setting aside the deficiencies in the complaint's factual allegations, even more problematic is the complaint's failure to clarify a *legal* basis for relief. As the basis for the Court's jurisdiction, the complaint states "Civil Right." Dkt. No. 6 at 3. But the complaint mentions no specific statutes or constitutional rights that the Seattle Police Department allegedly violated. This silence is especially problematic given the lack of clarity, discussed above, over whether Alemayehu is alleging that police entered her home without consent or a valid warrant, as would typically implicate the Fourth Amendment.

Further, the complaint makes no mention of Section 1983 or *Monell*, which provide the appropriate legal avenues to remedy a legal wrong committed by local government officials acting under color of state law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (explaining that to sustain a civil rights action under Section 1983, a plaintiff must show (1) he suffered a violation of rights created by the Constitution or federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022) (explaining that a "claim under *Monell* is the only means of asserting a § 1983 claim against a municipality"); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385

ORDER - 6

(1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue.") (*citing Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)).

The Court thus finds that Alemayehu has failed to state a claim on which relief may be granted. The Court orders Alemayehu, within thirty (30) days, to submit an amended complaint that meets the following standards:

- In accordance with Federal Rule of Civil Procedure 5.2(a) and Local Rule of Civil Procedure 5.2, the amended complaint should make no mention of the names of minor children.
- The amended complaint must contain a clear, concise, comprehensible statement of the *factual allegations* underlying the legal claim. This should include the specific identities of any individual defendants, if known; the specific wrongful acts performed by those defendants; the date and place where these acts occurred; and any resulting injuries.
- In accordance with Federal Rule of Civil Procedure 8(a), the amended complaint should contain a short, plain statement of the *legal right* whose alleged violation Alemayehu seeks to redress.

### 4. CONCLUSION

The Court FINDS that the operative complaint, Dkt. No. 6, fails to state a claim on which relief may be granted. The Court GRANTS leave to amend the complaint and ORDERS Alemayehu, within thirty (30) days of this Order, to submit an amended complaint that states a claim on which relief may be granted. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 10th day of October, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 8